IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**STEPHEN MICHAEL SEPHUS**                                                   **PLAINTIFF**

**V.**                                                     **CASE NO. 3:11-CV-540-MTP**

**SHERIFF MARK SHEPHERD**                                          **DEFENDANT**

**ORDER**

Before the Court is Defendant Mark Shepherd's Motion for Summary Judgment [28]. Having considered the motion and the applicable law, the Court finds that the motion is well taken and should be granted for the reasons provided below.[1]

Plaintiff Stephen Michael Sephus, proceeding *pro se* and *in forma pauperis*, filed his 42 U.S.C. § 1983 complaint in this Court on August 23, 2011. Mr. Sephus's claim, as clarified by his testimony at the *Spears*[2] hearing, is that he was denied medical treatment and proper medication while incarcerated at the Pike County Jail. Sephus asserts that Defendant Mark Shepherd, the Sherriff of Pike County, ignored, delayed, and/ or denied his requests for medical treatment and failed to provide proper medication for his condition. Sephus claims that he suffers from joint disease throughout his body as well as knee and hip pain. He has never seen or had contact with Shepherd, but maintains that the Sheriff was deliberately indifferent to his serious medical needs. The Plaintiff seeks medical treatment and monetary damages.

In the instant motion [28], the Defendant argues that he is entitled to summary judgment

---

[1] The Plaintiff did not respond to the motion.

[2] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

1

because the Plaintiff was not denied medical treatment while incarcerated at Pike County Jail. To support his position, Sheriff Shepherd has provided the Court with an affidavit from Claudia Tillman, a registered nurse at Pike County Jail who treated Sephus while he was housed at the jail. The Plaintiff has not responded to the motion or otherwise challenged the nurse's testimony.

## ANALYSIS

Summary judgment is appropriate when there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "A genuine issue of material fact exists if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Paz v. Brush Engineered Materials, Inc.*, 555 F.3d 383, 391 (5th Cir. 2009) (quoting *Crawford v. Formosa Plastics Corp.*, 234 F.3d 899, 902 (5th Cir. 2000)). The Court must consider the evidence in the record in the light most favorable to the non-moving party and draw all reasonable inferences in favor of the non-moving party. *Id.*

The Eighth Amendment prohibits prison officials from showing deliberate indifference to an inmate's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 50 L.Ed. 2d 251 (1976). An official is deliberately indifferent "only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847, 114 S.Ct. 1970, 128 L.Ed. 2d 811 (1970). To prevail on a claim of deliberate indifference, an inmate must submit evidence that prison officials "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir.1985).

In this case, Mark Sephus has not proven that he faced a substantial risk of harm while at Pike County Jail. Sheriff Shepherd could not have prevented a risk of harm if no such risk existed. Further, there is undisputed evidence that Sephus received medical treatment during his incarceration.

By sworn affidavit, Nurse Claudia Tillman testified that she and other medical staff treated Sephus from March 2011 to August 2011. Doc. [29-1]. The medical staff at the Jail and a physician at Magnolia Clinic treated Sephus for body pains and cold symptoms. *Id*. He was prescribed anti-inflammatory medications and an X-Ray was taken of his right hip. *Id*. Nurse Tillman administered certain medications to Sephus daily throughout the duration of his time at the Jail. *Id*.

The record does not show that Sheriff Shepherd denied medical treatment to the Plaintiff. Indeed, medical treatment was available to and provided for Sephus while he was housed at Pike County Jail. Based on the undisputed proof that Sephus was not denied medical treatment and based on the Plaintiff's failure to demonstrate that Sheriff Shepherd was deliberately indifferent to his medical needs, the Court finds that summary judgment is proper at this time and should be granted in favor of the Defendant. Accordingly,

IT IS, THEREFORE, ORDERED that:

The Motion for Summary Judgment is GRANTED.

A separate judgment shall be entered this day pursuant to Fed. R. Civ. P. 58.

THIS, the 25th day of January, 2013.

/s/**MICHAEL T. PARKER**
UNITED STATES MAGISTRATE JUDGE